**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Reginald C. Sweat, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 9:10-cv-02083-JMC |
| | ) | |
| Darren Reiten, Josh Tweety, Bruce Miller, | ) | **ORDER AND OPINION** |
| Sgt. Albury Rinnick, Cpt. Daniel Dubose, | ) | |
| and Sgt. Sandra Kirckland, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Report and Recommendation [Doc. 84] filed by United States Magistrate Judge Bristow Marchant on March 3, 2011. *Pro se* Plaintiff Reginald Sweat ("Plaintiff"), a prisoner at Kershaw Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants Darrien Reiten, Josh Tweety, Bruce Miller, Albury Rinnick, Daniel Dubose, and Sandra Kirckland (collectively, "Defendants") violated his constitutional rights by using excessive force and exhibiting deliberate indifference to his need for medical care. The Report recommended that the court grant Defendants' Motion for Summary Judgment [Doc. 57] and deny Plaintiff's Motion for Summary Judgment [Doc. 41]. The Court accepts the Magistrate Judge's Report and Recommendation as modified herein.

**STANDARD OF REIVEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing

*Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The court incorporates by reference the Magistrate Judge's statement of the facts. [Doc. 84, at 2-10].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions, Plaintiff timely filed objections. [Doc. 86, 88, 89]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to discern two specific objections to portions of the Magistrate Judge's Report and Recommendation.

Plaintiff specifically objects that the Magistrate Judge failed to consider Plaintiff's allegation that Defendants used excessive force while escorting Plaintiff to his cell after Defendants had successfully restrained Plaintiff. The court agrees that the Magistrate Judge did not adequately address Plaintiff's allegations of excessive force which may have occurred after Plaintiff was initially restrained.

Viewing the facts in the light most favorable to Plaintiff, the record shows that Plaintiff and Defendant Miller engaged in an argument regarding Plaintiff's failure to keep up with the other inmates while being escorted to receive medication. The circumstances escalated when Defendant Miller demanded Plaintiff's identification. In response to the demand, Plaintiff threw his identification, although there is some dispute as to exactly where Plaintiff threw the identification. Defendant Miller alleges that he regarded Plaintiff's response to be hostile and threatening. Defendant Miller then sprayed Plaintiff with mace, subdued Plaintiff to the floor, and handcuffed him to prevent any further acts of aggression. Defendant Miller, with the assistance of another officer, attempted to transfer Plaintiff to a holding cell. However, Plaintiff repeatedly fell to the ground and screamed that the officers were causing him severe pain. Plaintiff and Defendants dispute the events immediately following. Defendants allege that Plaintiff intentionally threw himself to the ground to inhibit Defendants from peacefully escorting him to the cell and that the amount of force applied while escorting Plaintiff to the cell was applied in good faith to reasonably maintain and restore discipline. On the other hand, Plaintiff contends that Defendants held Plaintiff in a manner that made it difficult for him to walk freely without pain, kneeled in his back to intentionally inflict further pain, and denied his request for a wheelchair or a stretcher. Eventually, Plaintiff was able to maintain his balance and walk to the cell without substantial assistance.

Plaintiff received medical attention from the South Carolina Department of Corrections' medical personnel following the incident. Although Plaintiff complained of back pain and bruising, the attending nurse, Pamela Phillips, attested that he showed no signs of trauma, bruising, scratches, restricted range of motion, or inflammation upon her examination. Phillips further noted that Plaintiff walked in and out of the examination room with minimal difficulty, and that she did not observe any evidence that Plaintiff would suffer from future medical

complications resulting from the alleged incident. She concluded that Plaintiff's injury, if any, appeared to be *de minimis* in nature.

The Magistrate Judge found that Plaintiff failed to sufficiently demonstrate a genuine issue of fact as to whether constitutionally excessive force was used by Defendants. In making this observation, the Magistrate Judge noted that Plaintiff had not alleged and the evidence did not show that Plaintiff was either struck by the officers or sprayed with mace after he was placed in handcuffs. However, a review of the record indicates that Plaintiff has alleged that the officers kneeled in his back after he was handcuffed. Taking this factual distinction into consideration, the court agrees with the Magistrate Judge's ultimate conclusions and recommendations.

The Eighth Amendment prohibits "cruel and unusual punishments…." U.S. Const. amend. VIII. Cruel and unusual punishments have included the use of excessive force, *Hudson v. McMillan*, 503 U.S. 1, 4 (1992), deliberate indifference to inmate health or safety, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994), and failure to provide adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Plaintiff's claims center primarily on excessive force and deliberate indifference. [Doc. 1].

"[T]he core judicial inquiry [for excessive force claims] is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). There are several relevant factors to consider in determining whether constitutionally excessive force was used. These include "[1] 'the need for the application of force, [2] the relationship between the need and the amount of force that was used, [3] the extent of injury inflicted'" on the prisoner, [4] the level of threat "to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and [5] any efforts made to temper

the severity of a forceful response." *Whitley,* 475 U.S. at 321 (citations omitted). The court may draw inferences "as to whether the use of force could plausibly have been thought necessary." *Id.*

Applying the *Whitley* factors to the facts of this case, the court finds that the evidence in the record is insufficient to establish a claim for excessive force. The record demonstrates Plaintiff failed to follow direct orders and admits that he was less than cooperative with Defendant Miller's directives. The record indicates that Defendant Miller reasonably perceived Plaintiff's actions in throwing his identification to be threatening and that the amount of force applied to place Plaintiff in handcuffs and to escort him to his cell was reasonable to maintain discipline and order. *See Whitley*, 475 U.S. at 320-21 (noting that a claimant must meet a heavy burden to satisfy the subjective component of an excessive force claim by proving that officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline).

Additionally, Plaintiff has failed to present any evidence beyond his own allegations, demonstrating that he was injured in any way during the altercation. The medical records submitted by Plaintiff are directly contrary to his claims in that the examination immediately following his return to his cell indicated no bruising, scratches, restricted range of motion, or inflammation. *See Strickler v. Waters*, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir.1993) (noting that the mere incantation of physical and mental injury is inadequate to survive a motion for summary judgment). The court notes that Plaintiff is not required to show he suffered more than a *de minimis* injury to maintain his excessive force claim. *See Wilkins v. Gaddy*, --- U.S. ----, ------ ----, 130 S. Ct. 1175, 1179-1180 (2010) (finding that the requirement of significant injury as a threshold for stating an excessive force claim was rejected in *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). However, the "absence of [a] serious injury"

remains relevant in an Eighth Amendment inquiry. *Id.* (holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim") (citing Hudson, 503 U.S. at 9 (internal quotations omitted)).

Plaintiff's failure to demonstrate sufficient evidence from which a reasonable jury could conclude Defendants acted maliciously and sadistically in applying force in regaining control during the incident at issue combined with Plaintiff's failure to show a discernable injury renders his claim for excessive force appropriate for summary dismissal.

Plaintiff also objects that the Magistrate Judge erred in not addressing his claims for deliberate indifference. To establish a constitutional violation based on a prison official's failure to provide medical care, "a claimant must prove that, objectively assessed, he had a 'sufficiently serious' medical need to require medical treatment, and that [the prison official], subjectively aware of the need and of its seriousness, nevertheless acted with 'deliberate indifference' to it by declining to secure available medical attention." *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 104 (4th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977, 128 L.Ed.2d 811 (1994)). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. Nevertheless, mere negligence or malpractice does not violate the eighth amendment." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir.1990) (citations omitted).

Although Defendants concede that they did not provide Plaintiff with a stretcher or a wheelchair upon request, the record reveals that Plaintiff was ultimately able to walk to his cell without assistance. The record also demonstrates that medical personnel examined Plaintiff shortly after the incident at issue. Although Plaintiff made numerous complaints regarding his discomfort, back pain, and bruising, the nurse conducting the examination did not observe any

trauma, bruising, scratches, restricted range of motion, or inflammation.  Furthermore, Plaintiff does not dispute that he was ambulatory upon the examiner's evaluation of his complaints of injury.  Based on the evidence in this case, Plaintiff has neither shown the existence of a serious medical need nor shown any inaction or inadequate action on the part of Defendants.  Therefore, Plaintiff's deliberate indifference claim also fails.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Summary Judgment [Doc. 41] and **GRANTS** Defendants' Motion for Summary Judgment [Doc. 57].

**IT IS SO ORDERED**.

s/ J. Michelle Childs
United States District Judge

August 1, 2011
Greenville, South Carolina